MILLER ET AL. *v.* CITY OF EVANSVILLE ET AL.

[No. 30,501. Filed September 27, 1966.]

James D. Lopp, of Evansville, for appellant.

Jerome L. Salm, Robert S. Matthews, David M. Keck, and James W. Angermeier, of Evansville, for appellees.

JACKSON, J.—This is an appeal from the denial of an injunction sought by appellants in a taxpayers action for the purpose of restraining defendants-appellees from placing in the water supply of the City of Evansville, Indiana, fluorides which appellants contend would produce irreparable injury and would further be a violation of their constitutional rights as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and the Bill of Rights of the Constitution of the State of Indiana.

The issues were formed by the complaint in twenty-eight rhetorical paragraphs, the supplemental complaint and the answers to the original and supplemental complaints.

Appellants' Assignment of Errors is the single specification that "[t]he Court erred in overruling appellants' Motion for a New Trial."

The evidence of the witnesses produced at the trial, pro and con, is quite voluminous and in the opinion of the writer need not be set out, or even commented on at length as there

is a diversity of opinion as to the necessity or efficacy of the proposed fluoridation. The proponents urging the medical desirability thereof in the treatment of dental caries in that portion of the populace between the ages of six and twelve; the opponents thereof urging the deleterious effect of such treatment on the aged and ill, the violation of constitutional rights and religious freedom. The parties have, by stipulation, fixed boundaries and limitations we need not exceed.

Such stipulation contained the following paragraph:

"There is not now nor has there ever been a city ordinance in the City of Evansville, duly enacted by the Common Council of the City of Evansville, authorizing or directing the City of Evansville, or the defendants, Glen L. Ogle, Sr., Karl Hahus, Arthur P. Walling and Arthur R. Lastwood (sic), who are the Trustees constituting the Board of Trustees of the Evansville, Indiana Waterworks Department to fluoride the drinking water in the City of Evansville."

The status relative to the general powers of cities and towns that are applicable to the case at bar are as follows:

"Authority or power—How made effectual.—Wherever there is a grant of authority or power conferred by any section or sections of this act upon any officer or board of any city or town, and no method is provided herein for the exercise of such authority or power, and a method for the exercise of such authority or power is necessary to be provided by law to make such grant of authority or power effectual, and a method for the exercise of such or similar authority or power is provided by any other section or sections of this act, or by any other law of this state applicable to the exercise of the authority so granted, then such other section or sections, or other law, so far as the same provide a method for the exercise of such authority or power herein conferred, may be followed as fully as if incorporated in and made a part of the provisions of this act granting such authority or power. And wherever there is a grant of authority or power conferred by this act, and no method is provided by this act or by any other general law, as herein referred to, for the exercise of such authority or power, the common council of any city or the board of trustees of any town may, by ordinance, provide

such method." Acts 1905, ch. 129, § 270, p. 219, § 48-501, Burns' 1963 Replacement.

"Legislative authority—The legislative authority of every city shall be vested in a common council." Acts 1905, ch. 129, § 47, p. 219, § 48-1401, Burns' 1963 Replacement.

"Legislative power—Appropriations.—The common council of every city shall have power to pass all ordinances, orders, resolutions and motions for the government of such city, for the control of its property and finances and for the appropriation of money. . . ." Acts 1905, ch. 129, § 52, p. 219, § 48-1406 Burns' 1963 Replacement.

"General power of council.—The common council of every city shall have power to enact ordinances for the following purposes:

. . . .

"Ninth. To authorize the cleansing and purification of water and water-courses, by the board of public works or other designated authority; to prevent encroachment of injury to the banks of streams, or the casting into the same of offal, dead animals, logs, rubbish, dirt or impure liquids. For the purpose of this clause, jurisdiction is hereby conferred upon cities for ten [10] miles from the corporate limits thereof.

. . . .

"Eighteenth. To regulate and require reports and records of births and deaths, and to make such requirements as may be deemed necessary to prevent the spread of contagious or infectious diseases; and to make all regulations that may be deemed expedient for the promotion of health and the suppression of disease." Acts 1905, ch. 129, § 53, p. 219, § 48-1407, Burns' 1963 Replacement.

It is quite clear and beyond question that the powers and duties devolving upon municipalities pursuant to the appropriate statutes provide for the exercise of the police powers necessary for the development, operation and continued functioning of the municipality.

In the case at bar only the common council of the City of Evansville, Indiana, possessed the power, under appropriate proceedings, to enact the ordinance or ordinances providing for the fluoridation of the city water provided by appellee city. The stipulation entered into

shows conclusively that the common council of the City of Evansville has not exercised this power and consequently no authority exists by which fluoridation can be instituted.

This cause is reversed and remanded with instructions to sustain appellants' Motion for New Trial and for further proceedings not inconsistent with this opinion.

Myers, J., concurs. Arterburn, J., concurs in result. Rakestraw, C. J. and Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 900.